SALISBURY (STEPHENS v.). See Case No. 13,369.

SALISBURY (UNITED STATES v.). See Case No. 16,214.

SALISBURY, The D. C. See Case No. 3,694.

---

## Case No. 12,252.

### In re SALKEY.

[5 Biss. 486; 9 N. B. R. 107; 6 Chi. Leg. News, 69; 2 Am. Law Rec. 502; 21 Pittsb. Leg. J. 56.] [1]

Circuit Court, N. D. Illinois. Nov., 1873.

BANKRUPTCY — EXAMINATION OF DEBTOR BEFORE ADJUDICATION—WHEN ALLOWED.

1. The district court may order the examination of the debtor against whom a petition in bankruptcy has been filed, prior to the adjudication, even though he denies both the indebtedness and the act of bankruptcy.

2. Such an examination should not be allowed for the purpose of gratifying malice or curiosity, but simply in the furtherance of justice, and to protect the rights of the creditors.

[In review of the action of the district court of the United States for the Northern district of Illinois.]

In bankruptcy.

This was a revisory petition under the 2d section of the bankrupt act [of 1867 (14 Stat. 518)], to review an order of the district court granting the petitioning creditors leave to examine the debtors before the register. [Case unreported.] On the filing of the petition by the creditors, Rindskoff, Barbe & Co., on the 8th day of October, 1873, a rule to show cause was issued and served upon the respondents, Samuel Salkey and Joseph Gerson, who appeared and filed a denial of the indebtedness claimed in the petition, and also denying the acts of bankruptcy alleged, and asking for a trial upon the issues by a jury. This order for the examination of the debtors was granted on the 14th day of October, 1873, before adjudication of bankruptcy.

Tenneys, Flower & Abercrombie, for petitioning creditors.

Grant & Swift, for respondent.

DRUMMOND, Circuit Judge. The question is whether it is competent for the district court, when a petition in bankruptcy is filed, to make an order for the examination of the debtor, prior to an adjudication of bankruptcy. No question is raised as to the propriety or necessity for the examination in this case, but it is denied that the district court has power, under the bankrupt law, to authorize an examination before an adjudication in bankruptcy.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 21 Pittsb. Leg. J. 56, contains only a partial report.]

The question arises under the 26th section of the bankrupt law. That section provides that the court may, on the application of the assignee in bankruptcy, or of any creditor, or without any application, at all times, require the "bankrupt," upon reasonable notice, to attend and submit to an examination, on oath, upon certain matters therein specified.

It is said that the word "bankrupt" is used here, and that there is a distinction made in the bankrupt law, prior to and subsequent to the adjudication in bankruptcy—the law speaking of the party against whom the application is made, in the one case, as a "debtor," and in the other as a "bankrupt." And it is insisted that the word "bankrupt" indicates that an examination can not be had until after an adjudication in bankruptcy; because, strictly speaking, the debtor can not be said to be a "bankrupt" until he is so adjudicated by the court.

In one sense this is true. He does not necessarily become, technically, a bankrupt, until he is decided so to be by the court; but the argument urged that this inquisitorial power should not be exercised over the debtor for the purpose of prying into his business affairs, and because the examination might be injurious to his credit, by disclosing facts affecting the same, can hardly have much weight, when it is recollected that the law provides certain means by which the court may proceed to determine whether or not the debtor committed an act of bankruptcy. The power of the court seems to be plenary, prior to the adjudication, not only over the debtor's property, but over his person.

It might be said, with as much reason, that the court should not exercise this power over either his property or his person, until it had actually decided him to be a bankrupt, because if, upon a trial of the fact of bankruptcy, he should be decided not a bankrupt, of course all the proceedings would become irregular.

An examination under the order as made in this case, is something which necessarily grows out of the administration of the law, which gives to the court, under certain circumstances prescribed therein, power over the person and property of the debtor, for the purpose of protecting the rights of creditors.

It would seem, therefore, that the word "bankrupt," in the 26th section, might not necessarily mean a debtor who has been adjudicated a bankrupt, but only one against whom proceedings in bankruptcy have been commenced.

Independently of the 26th section, however, and whatever may be the true construction of the language there used, it would seem to follow, as a necessary consequence from the general scope of the bankrupt law, that circumstances might exist, after the commencement of proceedings in bankruptcy, and after the debtor is brought within the control of the court, which would warrant an immediate examination. This should not be allowed when sought for the purpose of gratifying an unwarrantable curiosity, or for prying into the business or secrets of a debtor, but simply in furtherance of justice and to protect the rights of creditors.

It will be observed that the 26th section not only permits this examination upon the application of the assignee, or of a creditor, but authorizes the court of its own motion, to direct an examination.

But it would be the duty of the court, undoubtedly, at any time, when satisfied that an examination had been sought or was being carried on to gratify malice or mere curiosity, and not to promote justice, at once to arrest it.

The bankrupt law allows proceedings in bankruptcy to be commenced under a certain state of facts, at the same time that it throws around the debtor guaranties against unwarrantable and unnecessary proceedings, by requiring that these facts shall be proved by the oaths of witnesses. That being done, a prima facie case exists, and then the law clothes the court with all the powers necessary to accomplish the great object in view—namely, to protect the general creditors of the debtor, by discovering and taking possession of all his property for equal distribution among them.

One of the principal objects of the law would be frustrated if adequate means were not provided for the ascertainment of all the facts affecting the property of the debtor, as if it could call only upon the debtor himself, and not as well upon other persons, to disclose all his and their knowledge with reference thereto; and so the 26th section expressly gives this power to the courts as to other witnesses.

So that, on the whole, in view of the purpose of the 26th section, and the general scope of the bankrupt law, I cannot doubt the existence of the power exercised, in this instance, by the district court.

Undoubtedly, it should not be exerted prior to adjudication in bankruptcy unless in case of actual necessity. It is not as of course, but only under such exigencies as seem to require its exercise for the purpose of promoting justice and the rights of creditors.

The order of the district court is affirmed.

[For subsequent proceedings in this litigation, see Cases Nos. 12,253 and 12,254.]